UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:14-CV-143-TBR-LLK

REESE BAILEY, III                                                                                                 PLAINTIFF

v.

KENTUCKY COMMUNITY AND TECHNICAL COLLEGE SYSTEM                        DEFENDANT

**OPINION AND ORDER**

District Judge Thomas B. Russell referred this matter to the Magistrate Judge for the resolution of all discovery disputes. (Docket # 10). During a telephonic status conference on July 20, 2015, the parties presented the discovery dispute related to the instant motion to the Court. The Court granted leave, pursuant to the Scheduling Order, for Defendant to file a motion for protective order. (Docket # 25). Defendant filed its motion, Plaintiff filed a response brief, and Defendant filed a reply brief. (Docket ## 26–28). The motion is now ripe. For the reasons stated herein, the Court denies the motion.

Defendant moved the Court to enter a protective order to prevent the deposition of Dr. Michael McCall. (Docket # 26, p. 1). Dr. McCall is the *former* president of Defendant, the Kentucky Community and Technical College System. *Id.* Because of Dr. McCall's emeritus status, the Court addresses the right of Defendant "to reasonable discovery and efficient disposition of the case." *See Shuhk v. Seagate Tech., LLC*, 295 F.R.D. 228, 236 (D. Minn. 2013) (citing Fed. R. Civ. P. 1). *Compare id.* (finding an order protecting a party's rights to reasonable and efficient discovery appropriate), *with Malibu Media, LLC v. John Does, 1–18*, No. 12-2095, 2012 WL 8264665, at *7 (E.D. Pa. Sept. 27, 2012) (finding only a non-party can protect the non-party's right to avoid the burden attendant with the production of evidence). The Court does not address any potential objection to a subpoena Dr. McCall may raise, which would require motion

practice based on a served subpoena potentially made to another court (the Court understands that Dr. McCall may not reside or work in the Western District of Kentucky). Fed. R. Civ. P. 45(d).

Defendant argued that a deposition of Dr. McCall would not provide relevant evidence because Dr. McCall lacks "personal knowledge and involvement regarding the issues." (Docket # 26, p. 6). Defendant further argued that Plaintiff's "request to depose President McCall clearly constitutes the type of unnecessary annoyance, harassment, and undue burden that warrants protection under Rule 26(c)." *Id.* at p. 7. Finally, Defendant argued that Plaintiff's proposed deposition of Dr. McCall would prove "unreasonably cumulative and duplicative" and should be disallowed pursuant to Rule 26(b)(2)(C)(i). *Id.* at p. 8.

Defendant's first argument, that the deposition testimony lacks relevance because Dr. McCall lacks personal knowledge of the facts, fails because personal knowledge is not a requirement of discovery. Except for expert testimony, the courts must not allow a witness to testify to matters beyond his or her personal knowledge. Fed. R. Evid. 602. Nonetheless, parties may discover inadmissible evidence. Fed. R. Civ. P. 26(b)(1). "[A] request for discovery should be considered to be seeking relevant information if there is *any* possibility that the information sought may be relevant to the claim or defense of any party in the action." *Invesco Inst. (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007). The scope of discovery remains broad and Defendant bears the burden to demonstrate that Plaintiff would exceed it by taking Dr. McCall's deposition. *Id.* Defendant did not meet its burden to demonstrate that *all* of Dr. McCall's potential testimony lacks relevance. Practically speaking, proving that any deposition witness lacks any relevant evidence serves as a difficult task because of the liberal scope of discovery. As the former president of Defendant, Plaintiff anticipates Dr. McCall will have information

related to Defendant's employment policies and practices, the institutional culture as it relates to harassment, and employment complaints, including Plaintiff's. (Docket # 27, pp. 2–3, 5).[1] The Court concludes that Plaintiff seeks relevant evidence from Dr. McCall.

Defendant's second argument, that the deposition will serve to unnecessarily annoy, harass, or unduly burden, also fails. To justify a protective order, a party resisting discovery must support one or more of the Rule 26(c)(1) harms "with a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Serrano v. Cinras Corp.*, 699 F.3d 884, 901 (6th Cir. 2012) (quoting *Nemir v. Mitsubishi Motors Corp.*, 381 F.3d 540, 550 (6th Cir. 2004)). Defendant only argued that because of Dr. McCall's former position at the top of its organization, the contemplated deposition "clearly constitutes the type of unnecessary annoyance, harassment, and undue burden that warrants protection." (Docket # 26, p. 7). Without using the term, this appears to be an apex-doctrine argument, which Defendant mentioned during the parties' telephonic conference with the Court. This doctrine assumes inherent harassment and abuse when a party attempts to depose a high-ranking corporate officer and requires the party seeking the deposition to show that the officer possesses relevant evidence unavailable from alternative sources. 699 F.3d at 901. While other courts of appeal have adopted the doctrine, the Sixth Circuit rejected the doctrine and stated it amounts to legal error and abuse of discretion to

---

[1] Both parties devoted considerable space in their briefs to the topics about which Plaintiffs may depose Dr. McCall. While such information aids the Court in evaluating the general relevance of evidence Dr. McCall may possess, complete enumeration is not required. Plaintiff is not required to enumerate his deposition topics and pre-notice Dr. McCall of the subjects about which he will inquire. Parties must only enumerate deposition subjects when traveling under Rule 30(b)(6), which Plaintiff does not in seeking Dr. McCall's testimony. Plaintiff presented sufficient reasons why he may depose Dr. McCall, but has not limited the scope of his examination. *See Libertarian Party v. Husted*, 302 F.R.D. 472, 476-77 (S.D. Ohio 2014) ("[T]he courts should be reluctant to permit a party who wishes not to be deposed to use a procedural device such as a motion for a protective order to force the requesting party to specify, in advance, the subject of the deposition as a precondition to proceeding.").

apply it. *Id.* at 901–02. Generally, the Sixth Circuit "declined 'to credit a [corporate officer's] bald assertion that being deposed would present a substantial burden'" and requires the party resisting discovery to meet the regular requirements of Rule 26(c)(1). 699 F.3d at 901 (alteration in original) (quoting *Conti v. Am. Axle & Mfg., Inc.*, 326 Fed. App'x 900, 907 (6th Cir. 2009)). Defendant failed to meet the required burden of demonstrating particularized and specific harm that would result from the proposed deposition.

Defendant's final argument, that the deposition would only provide unreasonably cumulative and duplicative information, also fails. The Southern District of Ohio held that courts should grant protective orders to limit unreasonably cumulative or duplicative discovery only with a specific and persuasive showing of good cause. *Libertarian Party v. Husted*, 302 F.R.D. 472, 476 (S.D. Ohio 2014). The *Libertarian Party* Court reasoned that to hold otherwise would be contrary to the general ability of parties to depose witnesses without the leave of court. *Id.* (citing Fed. R. Civ. P. 30(a)); *see also* Fed. R. Civ. P. 45(a)(3) (allowing an attorney to issue subpoenas when admitted to practice in the issuing court). The *Libertarian Party* Court agreed with the District of Maryland that the courts should regard unfavorably motions seeking to prevent depositions and should rarely grant such motions "absent extraordinary circumstances." *Id.* (quoting *EEOC v. Freeman*, No. RWT-09-2573, 2012 WL 2370122, at *1 (D. Md. June 21, 2012)). This Court also believes that it should generally favor Plaintiff's right to take discovery and attempt to prepare his case for trial. *See id.* (quoting *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985)).

Defendant argued that for Plaintiff to depose Dr. McCall "to confirm what [Defendant] has already answered in discovery" by interrogatory would be unreasonably cumulative and duplicative. (Docket # 26, p. 8). To accept Defendant's argument, the Court would come to the

4

logical conclusion that any discovery seeking confirming or contradicting evidence should be viewed as unreasonably cumulative and duplicative. Then no litigant could ever revisit a topic in discovery. Unreasonable serves as an important modifier in Rule 26(b)(2)(C)(i). In the instant matter, to the extent the deposition will provide cumulative or duplicative evidence, any repetition will be reasonable. Defendant did not meet its burden to demonstrate that Plaintiff should not have the discovery because of cumulativeness or duplication. Therefore, the Court will not limit discovery.

IT IS HEREBY ORDERED that the Court denies Defendant's Motion for Protective Order by Defendant Kentucky Community and Technical College System. (Docket # 26).

c:	counsel